**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-10570

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

HAKEEM YUSEF JONES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00459-WFJ-AAS-1

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

In this appeal, Hakeem Jones challenges his sentence on ineffective-assistance-of-counsel grounds. He contends, for the first time on direct appeal, that the representation he received was

deficient because his counsel requested a sentence at the bottom of the advisory guidelines range, rather than a downward variance. In addition, Jones asserts that his counsel unreasonably withdrew his pro se objections to the district court's guidelines calculation, and failed to request that his sentence run concurrently with his term of imprisonment in a separate criminal case.

"[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court" in a collateral proceeding under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 505 (2003). We generally do not address this sort of claim on direct appeal. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015). That is especially true where, as here, the factual record "is not sufficiently developed to allow us" to decide it in the first instance. *Id.* Further factfinding is crucial because there is a wide "range of legitimate decisions regarding how best to represent a criminal defendant," and defense counsel's performance must be judged in light of the specific facts and circumstances of each case. *Wong v. Belmontes*, 558 U.S. 15, 17 (2009) (quotation omitted); *see Sullivan v. Wainwright*, 695 F.2d 1306, 1309 (11th Cir. 1983).

On this blank record, we cannot say one way or another whether Jones's counsel made a reasonable strategic decision to request a bottom-of-the-guidelines sentence and decline to press Jones's pro se objections. *See Massaro*, 538 U.S. at 505. The "best course" is to allow Jones to seek relief in the district court under

26-10570                 Opinion of the Court                          3

§ 2255.[1]    *Puentes-Hurtado*, 794 F.3d at 1285.    We **GRANT** the government's motion for summary affirmance.

---

[1] Because the government does not contend that Jones waived his statutory right to assert an ineffective-assistance-of-counsel claim on appeal, we need not pass on the enforceability of his appeal waiver.